UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23752-CIV-GOLD/WHITE

ARMSTRONG JOSE TAVAREZ,

    Petitioner,

v.

ERIC HOLDER,

    Respondent.
_____/

ORDER REJECTING MAGISTRATE'S REPORT AND RECOMMENDATION [DE 3]; DENYING PETITION [DE 1]; TRANSFERRING MATTER TO UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT; CLOSING CASE

THIS CAUSE is before the Court on Petitioner's Construed Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [DE 1] and the Magistrate's Report and Recommendation thereupon [DE 3]. No objections were filed, though Petitioner did file a Motion for Miscellaneous Relief [DE 4] referring to the Magistrate's Report and clarifying the relief that Petitioner seeks. I construe the contents of the Motion as objections to the extent they take issue with the Magistrate's conclusions.

Having reviewed the record, it appears that Petitioner is seeking review of a final order of deportation pursuant to 8 U.S.C. § 1252(b)(5) based on the alleged fact that Petitioner is a U.S. national.[1] District courts do not have jurisdiction to consider a claim by a person under an order of deportation that he or she is a U.S. national; such claims must be initially brought in the applicable court of appeals. *Hussein v. Ashcroft*, 2002 WL 31027604, *2 (E.D.N.Y. Sept. 12, 2002) (interpreting 8 U.S.C. § 1252(b)(5)). Further, "[w]here a petitioner improperly brings such a claim in the district court, the appropriate

---

    [1]"[O]nce removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States." *Chau v. I.N.S.*, 247 F.3d 1026, 1028 n. 2 (9th Cir. 2001).

procedure is to transfer the claim to the court of appeals pursuant to 28 U.S.C. § 1631."[2] *Id.* (citing *Baeta v. Sonchik,* 273 F.3d 1261, 1263 (9th Cir. 2001) for proposition that national status claim presented in § 2241 habeas petition in district court should have been transferred to court of appeals pursuant to 28 U.S.C. § 1631). Accordingly, I am without jurisdiction to hear Petitioner's request for review, and must transfer Petitioner's claim to the Court of Appeals for the Eleventh Circuit.[3]  Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

1. Petitioner's claim is DISMISSED for lack of jurisdiction.
2. The Clerk of Court is directed to TRANSFER this mater to the United States Court of Appeals for the Eleventh Circuit.
3. Petitioner's petition for habeas corpus relief [DE 1] is DENIED without prejudice.
4. Petitioner's removal or deportation is hereby STAYED in the interests of justice pending review by the Eleventh Circuit.
5. The Clerk is directed to DENY all pending motions as moot. All upcoming hearings are CANCELLED.
6. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida this 11 day of January, 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White

Armstrong Jose Tavarez, *pro se*
79027-004
McRae Correctional Institution
P.O. Drawer 30
McRae, GA 31055

---

[2] Section 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

[3] *See* 8 U.S.C. § 1252(b)(2); [DE 1]; [DE 4].